E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CLAIMDOC, LLC, | No. _____ |
| Plaintiff, | |
| vs. | |
| ATHENA HEALTHCARE ASSOCIATES, INC.; INNOVATIVE HEALTH PLAN, LLC; IDEAL HEALTH INDEMNITY PLAN, LLC; HEALTH INFORMATION SERVICES, LLC; MARSH MCLENNAN AGENCY; S&S HEALTHCARE; MEDXOOM, LLC; and ALLEN JACKSON | **PETITION IN EQUITY** |
| Defendants. | |

Plaintiff ClaimDOC, LLC ("ClaimDOC") as former co-fiduciary of the

Athena Health Plan (the "Plan") asserts this Petition against Defendants Athena Healthcare

Associates, Inc.; Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; Healthcare

Information Services, LLC; Marsh McClennen Agency; S&S Healthcare; Medxoom, LLC; and

Allen Jackson and states as follows:

## <u>SUMMARY OF THE ACTION</u>

1.      ClaimDOC brings this action in response to Defendants' conspiratorial actions

denying ClaimDOC the benefits of its services agreement (the "Agreement"). Athena Healthcare

Associates, Inc. ("Athena") is named both in its corporate capacity and as plan sponsor.  Athena

has conspired with other Defendants to engage in the unlawful activity in this petition.  Athena is

a self-insured employer and is a fiduciary of the Plan. ClaimDOC entered into the Agreement

with Athena to obtain increased value for the services provided to Athena's employees. As a

1

EXHIBIT

A

result, ClaimDOC became a co-fiduciary to the Plan. As an ERISA co-fiduciary, ClaimDOC took very seriously its obligation to keep the interest of the hardworking beneficiaries of the Plan in mind. However, after entering a contractual relationship with Athena, ClaimDOC discovered that Athena is an entity which makes contributions to its employee benefit plan only when it is convenient or beneficial to Athena. This is evidenced, in part, by the Department of Labor's (the "DOL's") ongoing investigation of Athena, which has spanned years, and Athena's willingness to take full advantage of the DOL's process at the expense of the beneficiaries despite its ongoing assertions of being "financially strong." When ClaimDOC finally decided it could no longer be associated with Athena and its owner, Lawrence Santilli, ClaimDOC terminated its contract, concluding its status as an ERISA fiduciary with respect to the Plan. At that time, there was over $9 million dollars in claims that Athena refused to fund. In addition, Athena owed ClaimDOC nearly $2 million in fees. Shortly thereafter, Allen Jackson appeared with a number of shell companies, which served as vehicles to interfere with ClaimDOC's rights. Allen Jackson, Athena, and their co-conspirators devised a plan whereby they would avoid paying the arrears healthcare funds by telling all healthcare providers they had to "resubmit" their claims. This was in conflict with the directive of the DOL to pay oldest health claims first as required by ERISA. In the process of violating its ERISA duties, Athena also breached its contractual duties to ClaimDOC by refusing to pay the nearly $2 million in outstanding fees to ClaimDOC.

## THE PARTIES

2.     ClaimDOC, LLC is an Iowa limited liability company with headquarters in West Des Moines, Iowa.

3.     Athena Healthcare Associates, Inc. is a Connecticut for-profit Corporation based

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

in Farmington, Connecticut with locations in Rhode Island, Massachusetts, and Connecticut.

4.    Athena is a skilled nursing, short-term and post-hospital care rehabilitation facility provider.

5.    Innovative Health Plan, LLC is a Connecticut-based limited liability company owned and operated by Allen Jackson.

6.    Ideal Health Indemnity Plan, LLC is a Connecticut-based limited liability company owned and operated by Allen Jackson.

7.    Healthcare Information Services, LLC is a Connecticut-based limited liability company owned and operated by Allen Jackson.

8.    Marsh McLennan Agency, LLC is a Delaware limited liability company with headquarters in New York.

9.    S&S Healthcare Ohio LLC is an Ohio limited liability company with headquarters in Cincinnati, Ohio, with a registered tradename of S&S Healthcare Strategies, LTD.

10.    Medxoom, LLC is a Delaware limited liability company with its principal place of business in Georgia.

## JURISDICTION AND VENUE

11.    This court has subject matter jurisdiction over Plaintiff's claims as the contract in question was, in part, performed in Polk County, Iowa and the tortious conduct was directed at ClaimDOC in Polk County.

12.    Venue is proper as ClaimDOC is located in Polk County, Iowa.

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

## FACTUAL ALLEGATIONS

13.     Plaintiff ClaimDOC, LLC is an Iowa limited liability company that services self-funded health plans nationwide.

14.     Specifically, ClaimDOC provides claim auditing and member advocacy services designed to achieve health benefits that are sustainable.

15.     ClaimDOC's approach is member-focused and builds partnerships with members and healthcare providers to reduce overall spending, creating more affordable healthcare to employers and employees, while managing risk as a co-fiduciary.

16.     Athena is a for-profit skilled nursing, short-term, and post-hospital care rehabilitation facility provider.

17.     Athena sponsors the Plan for its employees and dependents.

18.     The Plan is "self-insured" and therefore governed by ERISA.

19.     The Plan is regulated by the DOL.

20.     ClaimDOC accepted Athena as a client in 2018.

21.     ClaimDOC provided claim review services to Athena pursuant to the Agreement attached as Exhibit A.

22.     Athena and ClaimDOC executed the Agreement, making both the Plan and Athena responsible for ClaimDOC's fees. Schedule A of the Agreement provides that Athena is obligated to pay said fees in the event the Plan fails to make such payment.

23.     ClaimDOC and Athena served as ERISA co-fiduciaries to the Plan.

24.     As a co-fiduciary of the Plan, ClaimDOC's goal was to provide reasonable and necessary healthcare benefits to the hardworking healthcare professionals who work for Athena

4

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

by ensuring Athena and its beneficiaries paid an accurate, consistent, and fair price for their healthcare needs.

25.     Innovative Health Plan, LLC is a Connecticut LLC that, together with Ideal Health Indemnity Plan, LLC and Healthcare Information Services, LLC, is owned and operated by Allen Jackson ("Jackson").

26.     Jackson is known in the industry as an unscrupulous and aggressive competitor and marketer.

27.     In this case, Jackson saw an opportunity to make a quick profit.

28.     Jackson teamed up with Athena-owner Lawrence Santilli in an effort to deny Athena beneficiaries over $9 million dollars in healthcare benefits and to avoid nearly $2 million dollars in contractual obligations to ClaimDOC.

29.     Marsh McLennen Agency ("Marsh") is an international insurance sales related services company.

30.     Marsh assisted, aided, abetted, and took part in the breach of fiduciary duty and the interference with the ClaimDOC contract with Athena.

31.     Marsh's primary actors in this case were Lawrence Cass, Jason Daniewicz, and William Dardani, all having been willing participants in this conspiracy.

32.     Medxoom provides a computer-based application for the beneficiaries who are the victims of Athena's conspiracy.

33.     Medxoom, upon information and belief, either negligently or intentionally participated in the conspiracy.

34.     A recurring theme in this conspiracy is Jackson's involvement.

E-FILED 2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

35.     Jackson, along with Jason Daniewicz, William Dardani, Laurence Cass, and Marsh (collectively the "Brokers"), has been knowingly interfering with ClaimDOC's contract with Athena.

36.     Upon information and belief, the Brokers have engaged in acts aimed at assisting Athena to avoid or improperly delay payment of nearly $2 million dollars in obligations to ClaimDOC.

37.     The Brokers knowingly conspired with the Defendants to avoid these payments.

38.     On August 31, 2021, ClaimDOC placed Athena on notice of termination of its services after Athena failed to timely issue funding to the Third-Party Administrators (the "TPAs") to satisfy its ERISA obligations as Plan Sponsor to pay medical claims. Athena had also failed to satisfy its contractual obligations to pay ClaimDOC fees pursuant to the Agreement.

39.     Athena has never disputed any of ClaimDOC's fees or services.

40.     At the time of the notice, Athena had failed to fund the Plan and faced a six-month deficit. Throughout this time period, the Brokers represented that Athena was "financially strong" despite its refusal to pay medical claims.

41.     At the time of notice, Athena had failed to pay ClaimDOC nearly $2 million in fees as required by the Agreement.

42.     ClaimDOC was concerned that Athena would unlawfully interfere with the beneficiaries' rights. ClaimDOC was also concerned Athena's contractual arrears would increase.

43.     ClaimDOC provided a notice period of thirty days to cure.

44.     At the end of the notice period, Athena and ClaimDOC agreed to a payment plan

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

to allow Athena to come within good standing.

45.     On September 15, 2021, Plaintiff ClaimDOC entered into an amendment of the Agreement (the "Amended Agreement"), which adjusted ClaimDOC's fees due to Athena's prior payment failure.

46.     ClaimDOC entered into the Amended Agreement in order to assist the beneficiaries of the Plan and ensure the beneficiaries received their benefits.

47.     The Amended Agreement provided a means for ClaimDOC to continue services with Athena.

48.     The Amended Agreement, and the fees set forth therein, governed the relationship between ClaimDOC and Athena into 2022.

49.     In fall 2021, ClaimDOC learned that Allen Jackson and Innovative Health Plan were marketing competitive services to ClaimDOC, in violation of ClaimDOC's Producer/marketing agreement with Jackson-owned Healthcare Information Services ("HIS"), which required that HIS use ClaimDOC as its preferred vendor for IHP.

50.     Upon learning of this violation, ClaimDOC terminated its agreement with HIS for cause on December 29, 2021, and Jackson's revenue share for fees associated with Athena ended as well.

51.     At the start of the 2022 calendar year, Athena was briefly in compliance with ERISA and the Amended Agreement by making timely payment requirements (for the first time in six months) after its final "catch-up" payment in late December.

52.     Athena's January 2022 payments immediately fell behind, causing Athena to once again be outside of compliance with the law and the Amended Agreement.

53.      On February 9, 2022, ClaimDOC provided notice to Athena that it had fallen outside of ERISA requirements for timely payment of medical claims and thereby breached the Amended Agreement.

54.      ClaimDOC provided an opportunity to cure with a deadline of February 18, 2022.

55.      Athena failed to cure in accordance with ClaimDOC's February 9, 2022 notice.

56.      On March 1, 2022, ClaimDOC provided a detailed communication to Athena outlining Athena's obligations as Plan Sponsor to ensure all fiduciary services provided by ClaimDOC were identified and replaced upon its termination.

57.      In doing so, ClaimDOC offered certain transition services to ensure that members and healthcare providers were not harmed more than they already had been by Athena's abusive payment practices.

58.      In pertinent part, ClaimDOC offered to continue providing pricing for medical claims with access to its healthcare provider contracts, giving members continued access to care through the end of the plan year on May 31, 2022.

59.      ClaimDOC also offered to render these services on a reduced fixed cost, recognizing it was not offering its full spectrum of services.

60.      Athena rejected this offer and instead announced it would be transitioning services prior to the end of the plan year to a new administrator, S&S Healthcare.

61.      ClaimDOC provided pricing services and access to contracts through this transition date of April 1, 2022.

62.      ClaimDOC submitted invoices according to the terms of the Amended Agreement and confirmed with MMA, IHP, and Athena of the same and its expectations that Athena would

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

pay ClaimDOC owed fees.

63.    Athena did not dispute at any time that it owed ClaimDOC fees during this transition period nor did it request ClaimDOC stop services.

64.    Plaintiff ClaimDOC recognizes that transitioning beneficiaries is delicate when it occurs prior to the expiration of a plan year.

65.     For that reason, ClaimDOC, with the full knowledge of Marsh, took steps to ensure a smooth transition beyond that which was called for by contract and ERISA. While ClaimDOC is a for-profit corporation, it took seriously its fiduciary duty to make sure the beneficiaries of the Plan were provided for.

66.    Transition prior to the end of a plan year creates significant work related to claims management and accumulator tracking compared with transitioning at the end of the plan year and creates additional disruption to the beneficiaries and unnecessary additional stress to healthcare providers under the circumstances.

67.    This mid-year transition was communicated to ClaimDOC through MMA, the Brokers, IHP, and Allen Jackson.

68.    Athena would also be using Medxoom as a customer service platform moving forward, adding to its prior services it was providing to Athena when ClaimDOC co-serviced the account.

69.    When ClaimDOC requested information from MMA, IHP, and S&S related to the transfer of customer service inquiries from members and providers, a Medxoom phone number was provided.

70.    By email, ClaimDOC outlined details related to the transition to ensure all parties

were under the same understanding.

71.     MMA agreed to ClaimDOC's proposed details regarding the transition, and Athena never clarified or corrected the information within that communication, despite having numerous opportunities and sufficient time to do so.

72.     MMA expressed to ClaimDOC that it had reviewed the information with Athena as its consultant and it was unaware why Athena did not respond to the request for confirmation.

73.     ClaimDOC attempted to communicate with S&S Healthcare throughout the transition period to coordinate on the compliance issues Athena was facing as its new client.

74.     Despite multiple efforts, S&S ignored ClaimDOC's requests to discuss Athena's lack of compliance and funding deficiencies.

75.     In fact, during one implementation call intended to discuss basic business needs for the transition to ensure proper handling of member and provider inquiries, S&S stopped the call and requested ClaimDOC leave the call per the request of Jackson.

76.     During this transition, Allen Jackson led the discussions regarding transition and implementation with the new vendors and the prior TPA.

77.     MMA, through Larry Cass, indicated that Allen Jackson was putting the new vendor platform together.

78.     ERISA dictates that an employer/fiduciary like Athena is required to fund its claims in the order received without discrimination.

79.     As a result, although Athena's agreement with its co-fiduciary ClaimDOC had been terminated, Athena was required to pay the $9 million dollars in healthcare fees it had neglected for half a year.

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

80.     Because ClaimDOC is a co-fiduciary of the Plan, ClaimDOC was concerned that Athena might not pay the required healthcare fees.

81.     ClaimDOC's concerns were confirmed and expanded when it learned that there was a potential scheme underfoot.

82.     Claims awaiting funding through the "requests for funding" (the "RFFs") issued by Amwins Connect, the TPA to Athena prior to April 1, 2022, were fully processed and ClaimDOC had earned its contractual fees – the requests simply needed Athena to fund them to complete adjudication.

83.     On April 14, 2022, Laurence Cass requested specific claim information to "evaluate" the RFFs for Athena.

84.     Cass indicated they needed the information to "recommend" Athena pay these amounts.

85.     Cass then requested Allen Jackson obtain this information from ClaimDOC.

86.     Allen Jackson requested claim information, including a detailed itemization of ClaimDOC fees from January 1, 2022 be produced.

87.     Claim DOC produced this claim-level detail on April 15, 2022.

88.     Athena's current deficit is over $6 million.

89.     Athena's $6 million deficit includes medical claims for its members stretching to February RFF dates as well as ClaimDOC fees for the same period.

90.     All other vendors, including MMA, IHP, and Medxoom, are paid on a fixed cost basis and, upon information and belief, have been paid in full.

91.     In effect, Athena has prioritized payment to the Defendants assisting it in

E-FILED 2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

avoiding the payment of medical claims, and those Defendants are accepting said funds at the expense of the Athena beneficiaries.

92.     On May 4, 2022, one of ClaimDOC's contracted healthcare providers reached out expressing a need for assistance with Medxoom's website.

93.     ClaimDOC contacted Medxoom, MMA, IHP/Ideal Health/Allen Jackson and S&S Healthcare for assistance.

94.     In response, Medxoom presented ClaimDOC with a "Provider Letter" that was being disseminated to care providers when they entered their email address to the "provider portal".

95.     The Provider Letter directed providers to "resubmit" all claims that remained unpaid prior to April 1, 2022 and explained that S&S would "reprocess" these claims.

96.     Medxoom's Provider Letter clearly articulated the step-by-step scheme by which the Defendants intended to further the conspiracy aimed at allowing Athena to avoid the RFFs of processed claims, fraudulently delay paying providers by making them resubmit claims that had previously been properly received and processed, as well as avoid paying ClaimDOC fees.

97.     The denial of payment has cheated ClaimDOC out of fees it has earned under Agreement and Amended Agreement.

98.     ClaimDOC is owed approximately $1.7 million in related fees that are processed through the RFFs.

99.     By requesting providers resubmit claims, this conspiracy was intended to allow Athena—with the direct assistance and facilitation of these vendors—to not only delay or avoid paying medical claims, but also avoid paying ClaimDOC fees.

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

**FIRST CLAIM FOR RELIEF**
**(Against Defendant Athena Healthcare Associates, Inc. for Breach of Contract)**

100.    Plaintiff ClaimDOC incorporates the allegations it has set forth above, as if fully set forth herein below.

101.    At all relevant times, Athena was a party to the Agreement and Amended Agreement with ClaimDOC.

102.    At all relevant times, Defendant Athena was plan sponsor and separately a fiduciary with respect to the Plan pursuant to ERISA.

103.    Pursuant to the terms and conditions of the Agreement and the Amended Agreement, Athena—in both its corporate capacity and its capacity as Plan Sponsor— was required to pay ClaimDOC fees according to the established fee schedule.

104.    ClaimDOC has performed all terms and conditions required of it by the Agreement and the Amended Agreement, entitling ClaimDOC to certain fees.

105.    As of the date of this Petition, Athena has failed to pay nearly $2 million of ClaimDOC's earned fees.

106.    In creating, orchestrating, facilitating, and/or participating in the aforementioned neglect-of-ERISA duty scheme; in failing to pay ClaimDOC the outstanding fees; and with each aforementioned act of fraud, Defendant Athena breached the terms and conditions of the Agreement and the Amended Agreement.

107.    By virtue of these breaches, ClaimDOC has been damaged in the loss of fees in the amount of nearly $2 million owed for services rendered.

WHEREFORE, ClaimDOC respectfully requests the Court enter judgment against

Defendant Athena Healthcare Associates, Inc, in both its corporate capacity and its capacity as Plan Sponsor, in an amount established in these proceedings, including costs and attorneys' fees and expenses incurred in this action, and for such other relief as the Court deems just and necessary.

### SECOND CLAIM FOR RELIEF
**(Against Defendants Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; Health Information Services, LLC; Marsh McLennon Agency; S&S Healthcare; Medxoom, LLC; and Allen Jackson for Damages for Intentional Interference with Contract)**

108.    Plaintiff incorporates the allegations of the previous paragraphs of this Petition as if fully set forth herein.

109.    At all relevant times, the Defendants Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; Health Information Services, LLC; Marsh McLennon Agency; S&S Healthcare; Medxoom, LLC; and Allen Jackson knew of the Agreement and the Amended Agreement between ClaimDOC and Athena.

110.    Defendants Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; Health Information Services, LLC; Marsh McLennon Agency; S&S Healthcare; Medxoom, LLC; and Allen Jackson exercised control over the Plan and created, orchestrated, facilitated, and/or participated in a scheme by which Defendant Athena refused to pay healthcare providers and ClaimDOC nearly $9 million while the Defendants themselves received financial gain.

111.    In creating, orchestrating, facilitating, and/or participating in the aforementioned neglect-of-ERISA duty scheme and with each aforementioned act of fraud, Defendants Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; Health Information Services, LLC; Marsh McLennon Agency; S&S Healthcare; Medxoom, LLC; and Allen Jackson

14

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

intentionally interfered with the Agreement and the Amended Agreement.

112.    This intentional interference facilitated Defendant Athena's breach of the Agreement and the Amended Agreement.

113.    Through this intentional interference, ClaimDOC has been damaged in the loss of fees in the amount of nearly $2 million owed for services rendered.

WHEREFORE, ClaimDOC respectfully requests the Court enter judgment against Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; Health Information Services, LLC; Marsh McLennon Agency; S&S Healthcare; Medxoom, LLC; and Allen Jackson in an amount established in these proceedings, including costs and attorneys' fees and expenses incurred in this action, and for such other relief as the Court deems just and necessary.

### THIRD CLAIM FOR RELIEF
### (Against Defendant Athena Healthcare Associates, Inc. for Fraud)

114.    Plaintiff incorporates the allegations of the previous paragraphs of this Petition as if fully set forth herein.

115.    Defendant Athena represented to Plaintiff that the Plan's claims would be processed in the order received.

116.    Defendant Athena's representation was false.

117.    Defendant Athena's representation was material.

118.    Defendant Athena intended to deceive Plaintiff.

119.    Plaintiff justifiably relied on Defendant Athena's misrepresentation by continuing its services until April 1, 2022.

120.    Plaintiff was damaged when Defendant Athena and its co-conspirators directed providers to resubmit their claims, causing ClaimDOC to lose fees in the amount of nearly $2

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

million owed for services rendered.

121.    Defendant Athena's misrepresentation was a proximate cause of this damage.

122.    Defendant Athena's actions were done with willful and wanton disregard of Plaintiff's rights.

WHEREFORE, ClaimDOC respectfully requests the Court enter judgment against Defendant Athena Healthcare Associates, Inc. in its corporate capacity in an amount established in these proceedings, including costs and attorneys' fees and expenses incurred in this action, and for such other relief as the Court deems just and necessary.

## FOURTH CLAIM FOR RELIEF
### (Against Defendants Allen Jackson; Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; and Healthcare Information Services, LLC for Unjust Enrichment)

123.    Plaintiff incorporates the allegations of the previous paragraphs of this Petition as if fully set forth herein.

124.    As a result of Defendants Allen Jackson; Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; Healthcare Information Services, LLC and their co-conspirators directing healthcare providers to re-submit their claims, Defendants Allen Jackson; Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; and Healthcare Information Services, LLC received fees to which ClaimDOC was entitled.

125.    The enrichment of Defendants Allen Jackson; Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; and Healthcare Information Services, LLC was at the expense of ClaimDOC.

126.    It is unjust to allow Defendants Allen Jackson; Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; and Healthcare Information Services, LLC to retain the

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

benefit they have received from ClaimDOC under the circumstances described herein.

WHEREFORE, ClaimDOC respectfully requests the Court enter judgment against Defendants Allen Jackson; Innovative Health Plan, LLC; Ideal Health Indemnity Plan, LLC; and Healthcare Information Services, LLC in an amount established in these proceedings, including costs and attorneys' fees and expenses incurred in this action, and for such other relief as the Court deems just and necessary.

### FIFTH CLAIM FOR RELIEF
### (Against All Defendants for Preliminary and Permanent Injunctive Relief)

127.    Plaintiff incorporates the allegations of the previous paragraphs of this Petition as if fully set forth herein.

128.    Defendants have disseminated the Provider Letter to healthcare providers, directing them to resubmit all claims that remained unpaid prior to April 1, 2022.

129.    The Provider Letter is in direct violation of ERISA, the directive of the DOL, the Agreement, and the Amended Agreement.

130.    Should healthcare providers continue to resubmit claims pursuant to the Provider Letter, ClaimDOC will be cheated out of fees it earned by providing its services pursuant to the Agreement and the Amended Agreement.

131.    On information and belief, the Defendants will continue to disseminate the Provider Letter or otherwise direct, suggest, or indicate that providers should resubmit claims governed by the Plan that were previously submitted for processing prior to April 1, 2022.

132.    Upon information and belief, Defendants will dissipate any fees received from claims resubmitted pursuant to the Provider Letter, greatly and irreparably harming ClaimDOC.

133.    ClaimDOC requests this Court issue a preliminary and permanent injunction

17

enjoining the Defendants from disseminating the Provider Letter or otherwise directing, suggesting, or indicating directly or indirectly that providers should resubmit claims governed by the Plan that were previously submitted for processing prior to April 1, 2022.

134.    The balance of harms is substantially greater to ClaimDOC if the Defendants are enjoined as requested.

WHEREFORE, Plaintiff prays for an order entering a temporary injunction restraining Defendants from requesting providers resubmit claims that had previously been properly received and processed.

### SIXTH CLAIM FOR RELIEF
### (Against Defendant Athena Healthcare Associates, Inc. for Preliminary and Permanent Injunctive Relief)

135.    Plaintiff incorporates the allegations of the previous paragraphs of this Petition as if fully set forth herein.

136.    Defendants have disseminated the Provider Letter to healthcare providers, directing them to resubmit all claims that remained unpaid prior to April 1, 2022.

137.    The Provider Letter is in direct violation of ERISA, the directive of the DOL, the Agreement, and the Amended Agreement.

138.    As a result of Defendants' scheme, providers have resubmitted claims pursuant to the Provider Letter and ClaimDOC has been cheated out of fees it earned by providing its services pursuant to the Agreement and the Amended Agreement.

139.    Upon understanding and belief—discovered after ClaimDOC ended services— Defendant Athena is on the brink of insolvency despite the Brokers' prior representations.

140.     If Defendant Athena transfers, disposes of, or pays any amount to newer claims

18

E-FILED  2022 JUN 07 2:19 PM POLK - CLERK OF DISTRICT COURT

or discriminatorily pays medical benefit claims inconsistent with the Department of Labor's directive to pay claims chronologically in the order that they were approved, it will have committed an act violating Plaintiff's rights respecting the subject of this action and tending to make a judgment in Plaintiff's favor ineffectual.

141.    The balance of harms is substantially greater to Plaintiff if the Defendants are enjoined as requested.

142.    Plaintiff is willing to post a bond, in an amount sufficient to satisfy Iowa Rule of Civil Procedure 1.1508, if required by the Court.

WHEREFORE, Plaintiff ClaimDOC respectfully requests that this court enter preliminary injunction enjoining Defendant Athena Healthcare Associates, Inc. from transferring, disposing of, or paying any amount to newer claims or from discriminatorily paying medical benefit claims inconsistent with the Department of Labor's directive to pay claims chronologically in the order that they were approved. Plaintiff further prays that this Court enter a permanent injunction in this regard and further award it its court costs, attorney's fees, and such other relief as this Court deems just.

Respectfully submitted,

/s/ Frank B. Harty
FRANK B. HARTY   AT0003356
NYEMASTER GOODE, PC
700 Walnut, Suite 1600
Des Moines, Iowa 50309
PHONE:515-283-3170
FAX:515-283-3108
fharty@nyemaster.com

ATTORNEY FOR PLAINTIFF

E-FILED  2022 JUN 09 1:46 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CLAIMDOC, LLC, | No. 05771 <u>EQCE087699</u> |
| Plaintiff, | |
| vs. | |
| ATHENA HEALTHCARE ASSOCIATES, INC.; INNOVATIVE HEALTH PLAN, LLC; IDEAL HEALTH INDEMNITY PLAN, LLC; HEALTH INFORMATION SERVICES, LLC; MARSH MCLENNAN AGENCY; S&S HEALTHCARE; MEDXOOM, LLC; and ALLEN JACKSON | **PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL** |

Plaintiff ClaimDOC, LLC, ("ClaimDOC") moves for leave to file under seal Exhibit A to the Petition in Equity and in support states:

1.      On June 7, 2022, ClaimDOC filed its Petition in Equity.

2.      The Petition in Equity references the Agreement between ClaimDOC and Athena Healthcare Associates, Inc. as Exhibit A. *See* Petition at ¶ 21.

3.      Pursuant to the Agreement, the contents of the Agreement are confidential.

4.      In order to comply with the Agreement and maintain its confidentiality, ClaimDOC moves to file under seal the Agreement as Exhibit A.

5.      A proposed order is attached.

WHEREFORE, Plaintiff ClaimDOC respectfully requests that the Court grant the motion and allow Plaintiff to file under seal Exhibit A to Plaintiff's Petition in Equity.

1

E-FILED  2022 JUN 09 1:46 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,


_____/s/ Frank B. Harty_____

FRANK B. HARTY   AT0003356
NYEMASTER GOODE, PC
700 Walnut, Suite 1600
Des Moines, Iowa 50309
PHONE:515-283-3170
FAX:515-283-3108
fharty@nyemaster.com

ATTORNEY FOR PLAINTIFF

E-FILED          EQCE087699 - 2022 JUN 13 10:36 AM          POLK
CLERK OF DISTRICT COURT          Page 1 of 2

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CLAIMDOC, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>ATHENA HEALTHCARE ASSOCIATES, INC.; INNOVATIVE HEALTH PLAN, LLC; IDEAL HEALTH INDEMNITY PLAN, LLC; HEALTH INFORMATION SERVICES, LLC; MARSH MCLENNAN AGENCY; S&S HEALTHCARE; MEDXOOM, LLC; and ALLEN JACKSON | No. 05771 EQCE087699<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL** |

Plaintiff ClaimDOC's motion for leave to file under seal Exhibit A to the Petition in Equity is GRANTED. Clerk to file such Exhibit at Level 3.

1

E-FILED          EQCE087699 - 2022 JUN 13 10:36 AM          POLK
                 CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

**Case Number**        **Case Title**
EQCE087699             CLAIMDOC LLC VS ATHENA HEALTHCARE ASSOCIATES
                       INC ET AL
**Type:**              ORDER TO RESTRICT ACCESS TO RECORDS

So Ordered

Joseph Seidlin, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2022-06-13 10:36:06

E-FILED  2022 JUN 17 4:27 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CLAIMDOC, LLC, | No. 05771 EQCE087699 |
|       Plaintiff, | |
| vs. | |
| ATHENA HEALTHCARE ASSOCIATES, INC.; INNOVATIVE HEALTH PLAN, LLC; IDEAL HEALTH INDEMNITY PLAN, LLC; HEALTH INFORMATION SERVICES, LLC; MARSH MCLENNAN AGENCY; S&S HEALTHCARE; MEDXOOM, LLC; and ALLEN JACKSON | **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT: ClaimDOC, LLC**

You are notified that a Petition has been electronically filed in the office of the clerk of this court using the Iowa Judicial Branch Electronic Document Management System (EDMS), naming you as a defendant in this action. A copy of the Petition is attached to this notice. The attorney for the plaintiff is Jeffrey W. Courter, whose address is 700 Walnut Street, Suite 1600, Des Moines, Iowa 50309-3899. That attorney's phone number is (515) 283-8048, fax number is (515) 283-8045.

You must electronically file a motion or answer within 20 days after service of this original notice upon you using EDMS at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition. Please refer to the Chapter 16 Rules pertaining to the use of EDMS, including Division VI concerning protection of personal information.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942). Disability coordinators cannot provide legal advice.

Clerk of the Polk County District Court
Polk County Courthouse
Des Moines, Iowa

IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

E-FILED  2022 JUN 21 3:06 PM POLK - CLERK OF DISTRICT COURT

**Iowa Judicial Branch**

*Case No.*  **EQCE087699**

*County*  **Polk**

*Case Title*  CLAIMDOC LLC VS ATHENA HEALTHCARE ASSOCIATES INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **06/21/2022 03:06:06 PM**



*District Clerk of Court or/by Clerk's Designee of*  Polk          *County*

**/s/ Jeremy Alvarez**

E-FILED  2022 JUN 21 5:05 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CLAIMDOC, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>ATHENA HEALTHCARE ASSOCIATES, INC.; INNOVATIVE HEALTH PLAN, LLC; IDEAL HEALTH INDEMNITY PLAN, LLC; HEALTH INFORMATION SERVICES, LLC; MARSH MCLENNAN AGENCY; S&S HEALTHCARE; MEDXOOM, LLC; and ALLEN JACKSON | No. 05771 EQCE087699<br><br><br><br>**APPEARANCE** |

Logan J. Eliasen submits this appearance on behalf of Plaintiff, ClaimDOC, LLC in the above-captioned matter.

Respectfully submitted,

/s/ Logan J. Eliasen    AT0013755
NYEMASTER GOODE, P.C.
700 Walnut St., Ste. 1600
Des Moines, IA 50309
P: (515) 283-3112
F: (515) 283-3108
E: leliasen@nyemaster.com

ATTORNEY FOR PLAINTIFF

1

E-FILED  2022 JUN 22 2:30 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CLAIMDOC, LLC, | No. 05771 EQCE087699 |
| Plaintiff, | |
| vs. | |
| ATHENA HEALTHCARE ASSOCIATES, INC.; INNOVATIVE HEALTH PLAN, LLC; IDEAL HEALTH INDEMNITY PLAN, LLC; HEALTH INFORMATION SERVICES, LLC; MARSH MCLENNAN AGENCY; S&S HEALTHCARE; MEDXOOM, LLC; and ALLEN JACKSON | **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are notified that a Petition has been electronically filed in the office of the clerk of this court using the Iowa Judicial Branch Electronic Document Management System (EDMS), naming you as a defendant in this action. A copy of the Petition is attached to this notice. The attorney for the plaintiff is Frank Harty, whose address is 700 Walnut Street, Suite 1600, Des Moines, Iowa 50309-3899. That attorney's phone number is (515) 283-3170, fax number is (515) 283-8045.

You must electronically file a motion or answer within 20 days after service of this original notice upon you using EDMS at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition. Please refer to the Chapter 16 Rules pertaining to the use of EDMS, including Division VI concerning protection of personal information.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942). Disability coordinators cannot provide legal advice.

Clerk of the Polk County District Court
Polk County Courthouse
Des Moines, Iowa

IMPORTANT:  YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

E-FILED  2022 JUN 24 10:02 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **EQCE087699**

*County*  **Polk**

*Case Title*   CLAIMDOC LLC VS ATHENA HEALTHCARE ASSOCIATES INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **06/24/2022 10:02:24 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk                    *County*

**/s/ Jeremy Alvarez**

E-FILED  2022 JUN 27 2:34 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CLAIMDOC, LLC, | No. 05771 EQCE087699 |
| Plaintiff, | |
| vs. | |
| ATHENA HEALTHCARE ASSOCIATES, INC.; INNOVATIVE HEALTH PLAN, LLC; IDEAL HEALTH INDEMNITY PLAN, LLC; HEALTH INFORMATION SERVICES, LLC; MARSH MCLENNAN AGENCY; S&S HEALTHCARE; MEDXOOM, LLC; and ALLEN JACKSON | **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are notified that a Petition has been electronically filed in the office of the clerk of this court using the Iowa Judicial Branch Electronic Document Management System (EDMS), naming you as a defendant in this action.  A copy of the Petition is attached to this notice.  The attorney for the plaintiff is Frank Harty and Logan Eliasen, whose address is 700 Walnut Street, Suite 1600, Des Moines, Iowa 50309-3899.  That attorney's phone number is (515) 283-3100, fax number is (515) 283-8045.

You must electronically file a motion or answer within 60 days after service of this original notice upon you using EDMS at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.  If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.  Please refer to the Chapter 16 Rules pertaining to the use of EDMS, including Division VI concerning protection of personal information.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).  Disability coordinators cannot provide legal advice.

Clerk of the Polk County District Court
Polk County Courthouse
Des Moines, Iowa

IMPORTANT:  YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

**Iowa Judicial Branch**

*Case No.*   **EQCE087699**

*County*   **Polk**

*Case Title*   CLAIMDOC LLC VS ATHENA HEALTHCARE ASSOCIATES INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **06/29/2022 11:25:31 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk               *County*
**/s/ Debra Lopez**